MOLLY M. WHITE, Cal. Bar No. 171448
Email: Whitem@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PAUL W. MIKUS and JOHN V. CRACCHIOLO,<br><br>　　　　Defendants. | Case No. SACV 06-734 RSWL (SSx)<br><br>**AMENDED FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT PAUL W. MIKUS AND DEFENDANT JOHN V. CRACCHIOLO** |

　　　　The Securities and Exchange Commission having filed a Complaint and Defendants Paul W. Mikus ("Mikus") and John V. Cracchiolo ("Cracchiolo") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

　　　　IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mikus, Cracchiolo and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final

Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mikus, Cracchiolo and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mikus, Cracchiolo and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or by knowingly falsifying any book, record or account required to be kept by an issuer, in violation of Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5).

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mikus, Cracchiolo and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting an any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13, by knowingly providing substantial assistance to an issuer in filing with the Commission required periodic reports or registration statements, which fail to include material information necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

**V.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mikus, Cracchiolo and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. §§ 78m(b)(2)(A), and violating Rule 13b2-1, 17 C.F.R. § 240.13b2-1,

thereunder, by knowingly providing substantial assistance to an issuer that failed to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of the issuer.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mikus, Cracchiolo and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(b)(2)(B), by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d), in failing to devise and maintain a sufficient system of internal accounting controls sufficient to provide reasonable assurances that:

   a. transactions are executed in accordance with management's general or specific authorization;
   b. transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;
   c. access to assets is permitted only in accordance with management's general or specific authorization; and
   d. the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences..

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mikus, Cracchiolo and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-2, 17 C.F.R. § 240.13b2-2, by:

    a.    making or causing to be made materially false or misleading statements to accountants in connection with; or

    b.    omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading, to an accountant in connection with:

        i.    any audit, review or examination of the financial statements of the issuer required to be made; or

        ii.    the preparation or filing of a document or report required to be filed with the Commission.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Mikus is prohibited, and Cracchiolo is prohibited for a period of five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Cracchiolo is liable for disgorgement of $60,715, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $10,378.69 and a civil penalty in the amount of $50,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), for a total of $121,093.69. Cracchiolo shall satisfy this obligation by paying $25,000.00 within ten (10) business days after entry of this Final Judgment, and by paying the remaining balance of $96,093.69 in four installments as follows:  (1) $24,023.43 plus $135.06 in post-judgment interest, for a total payment of $24,158.49, within 90 days of entry of the Final Judgment; (2) $24,023.42 plus $270.12 in post-judgment interest, for a total payment of $24,293.54, within 180 days of entry of the Final Judgment; (3) $24,023.42 plus $405.17 in post-judgment interest, for a total payment of $24,428.59, within 270 days of entry of the Final Judgment; and (4) $24,023.42 plus $547.73 in post-judgment interest, for a total payment of $24,563.65, within 360 days of entry of the Final Judgment.  If Cracchiolo fails to make any payment according to the payment plan set forth above in this paragraph, the payment plan shall become null and void, and all amounts due under the Final Judgment minus any payments made shall become due and payable immediately.  Cracchiolo shall make each payment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Cracchiolo as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Cracchiolo shall pay post-

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

### X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Mikus and Cracchiolo shall comply with all of the undertakings and agreements set forth therein.

### XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  January 13, 2009

_____
HONORABLE RONALD S.W. LEW
Senior, U.S. District Court Judge

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X] U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On January 9, 2009, I caused to be served the following document entitled **[PROPOSED] AMENDED FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT PAUL W. MIKUS AND DEFENDANT JOHN V. CRACCHIOLO** on all the parties to this action addressed as stated on the attached service list:

[X] **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ] **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ] **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ] **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ] **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ] **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X] **(Federal)** I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.

Date: January 9, 2009         /s/ Molly M. White
                              Molly M. White

**SEC v. PAUL W. MIKUS and JOHN V. CRACCHIOLO**
**United States District Court – Central District of California**
**Case No. SACV 06-734 RSWL (SSx)**
**(LA-2659)**

SERVICE LIST

Russell D. Duncan, Esq. **(by electronic and U.S. mail)**
Orrick, Herrington & Sutcliffe LLP
Washington Harbour
3050 K Street, N.W.
Washington, D.C. 20007-5135
Email: rduncan@orrick.com
*Attorney for Defendant Paul W. Mikus*

Walter F. Brown, Jr., Esq. **(by electronic and U.S. mail)**
Tarek J. Helou, Esq.
Orrick, Herrington & Sutcliffe LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Email: wbrown@orrick.com
Email: thelou@orrick.com
*Attorneys for Defendant Paul W. Mikus*

Susan Resley, Esq. **(by electronic and U.S. mail)**
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Email: sresley@orrick.com
*Attorney for Defendant Paul W. Mikus*

Thomas H. Bienert, Jr., Esq. **(by electronic and U.S. mail)**
Bienert & Miller
115 Avenida Miramar
San Clemente, CA 92672
Email: tom@bmattorneys.com
*Attorney for Defendant Paul W. Mikus*

John M. Potter, Esq. **(by electronic and U.S. mail)**
Rachel H. Smith, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Email: johnpotter@quinnemanuel.com
Email: rachelsmith@quinnemanuel.com
*Attorneys for Defendant John V. Cracchiolo*

1. Patrick C. Doolittle, Esq. **(by electronic and U.S. mail)**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Dr., Suite 560
Redwood Shores, CA 94065
Email: patrickdoolittle@quinnemanuel.com
***Attorney for Defendant John V. Cracchiolo***

Andrew Stolper, AUSA **(by U.S. mail)**
U.S. Department of Justice
United States Courthouse
411 West Fourth Street, Suite 8000
Santa Ana, CA 92701-4599
Telephone: (714) 338-3536
Facsimile: (714) 338-3708